ORIGINAL

CLARE. E. CONNORS #7936
United States Attorney
District of Hawaii

WAYNE A. MYERS
Chief, General Crimes

SARA D. AYABE #9546
BARBARA EUCKER
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Emails:    Sara.Ayabe@usdoj.gov
           Barbara.Eucker@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 07 2024

at 10 o'clock and 35 min. a.M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 24-00072 DKW |
|---|---|
| Plaintiff, | ) MEMORANDUM OF PLEA<br>) AGREEMENT |
| vs. | ) DATE: November 7, 2024 |
| DEVIN VIELA, | ) TIME: 10:00 a.m.<br>) JUDGE: Judge Derrick K. Watson |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, DEVIN VIELA, and his attorney, Jacqueline Esser, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that he has been charged in an Information with violating Title 18, United States Code, Section 2119 and Title 18, United States Code, Section 924(c)(1)(A)(i). The defendant also acknowledges that he has been charged in an Indictment in Criminal Case No. 24-00054 DKW with violating Title 18, United States Code, Section 2119, Title 18, United States Code, Section 924(c)(1)(A)(ii), and Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

2. The defendant has read the charges against him contained in the Information and the Indictment, and those charges have been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

## THE AGREEMENT

4. The defendant agrees to waive indictment and enter a voluntary plea of guilty to Counts 1 and 2 of the Information, which charge him with carjacking (Count 1) and using and carrying a firearm during and in relation to a crime of violence (Count 2). The defendant is aware that he has the right to have these

felonies asserted against him by way of grand jury indictment. The defendant hereby waives this right and consents that these offenses may be charged against him by way of the Information. In return, the United States Attorney for the District of Hawaii ("government") agrees to dismiss the Indictment in Criminal Case No. 24-00054 DKW after sentencing.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because he is in fact guilty of carjacking (Count 1) and using and carrying a firearm during and in relation to a crime of violence (Count 2) as charged in Counts 1 and 2 of the Information, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7. The defendant understands that the penalties for the offenses to which he is pleading guilty include:

    a. As to Count 1, a term of imprisonment of up to 15 years and a fine of up to $250,000, plus a term of supervised release up to 3 years.

    b. As to Count 2, a term of imprisonment of not less than 5 years and up to life, which must be served consecutively to any other sentence imposed on the defendant, and a fine of up to $250,000, plus a term of supervised release up to 5 years.

   c. In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

   d. **Forfeiture.** Forfeiture of any firearms or ammunition subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1).

   e. **Restitution.** The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's offenses. The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office.

## FACTUAL STIPULATIONS

8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which the defendant is pleading guilty:

a. On the night of March 9, 2024, a male individual ("Victim") parked a white 2016 Toyota Camry ("Subject Vehicle") at the intersection of Sand Island Access Road and Hoʻoneʻe Place in Honolulu, Hawaii.

b. While parked, the defendant approached the Victim's driver side window and pointed a firearm at the Victim's head, demanding that he get out or the defendant would blow the Victim's head off. The Victim said, in sum and substance, "No, don't do this, I am just working for the people of Hawaii." The defendant demanded that the Victim open the door as the male pulled on the door handle. In fear for his life, the Victim exited the Subject Vehicle. The defendant then drove off with the Subject Vehicle.

c. On March 10, 2024, just after midnight, the defendant was in the driver's seat of the Subject Vehicle in the Palolo area. Honolulu Police Department ("HPD") officers attempted to approach the Subject Vehicle. Upon their approach, the defendant accelerated toward the officers' vehicles head on. In his attempt to flee the area, the defendant struck two parked vehicles and ultimately crashed into a telephone pole guide wire.

d. HPD then approached the Subject Vehicle. On their approach, the defendant was in the driver's seat, with his left hand on the steering wheel and his right hand directly above a black revolver handgun. The defendant continued

to accelerate the Subject Vehicle, but it was stuck. HPD officers extracted the defendant from the Subject Vehicle and placed him under arrest.

   e. HPD conducted a lawful search of defendant's person and recovered a small Ziploc-type baggie in the defendant's front right pants pocket containing a crystalline substance that field tested positive for methamphetamine. HPD conducted a lawful search of the Subject Vehicle and recovered: a loaded Llama (Gabilondo & CIA), Model Ruby Extra, .38 caliber revolver, bearing serial number 541292; and three rounds of CBC .38 caliber ammunition.

   f. The defendant admits that he knowingly used and carried the same .38 caliber revolver during and in relation to the carjacking, described above, that he committed on or about March 9, 2024.

   g. The defendant admits that Toyota vehicles are not manufactured in the District of Hawaii, and therefore, the Subject Vehicle had been transported, shipped, or received in interstate commerce prior to the carjacking.

  9. Pursuant to Section 6B1.2 of the Sentencing Guidelines, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

    a. As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

    b. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present

intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13. The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground

whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

    a.    The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

    c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14. In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

   a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The

defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

    b. The defendant expressly authorizes the United States Attorney's Office to obtain his credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

    c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15. As part of his acceptance of responsibility and pursuant to 18 U.S.C. § 924(d), the defendant agrees as follows:

a. The defendant agrees to forfeit to the United States all of his right, title, and interest in the following property (the "Specific Property"):

i. one Llama (Gabilondo & CIA), Model Ruby Extra, .38 caliber revolver, bearing serial number 541292; and

ii. three rounds of CBC .38 caliber ammunition.

b. The defendant acknowledges that the Specific Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) as firearm(s) or ammunition involved in the offenses to which the defendant has pled guilty.

c. The defendant knowingly and voluntarily waives and agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. The defendant knowingly and voluntarily waives any right to a jury trial on the forfeiture of property.

d. The defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the property. The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of the property, if

the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, during the change of plea hearing.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the preliminary order of forfeiture for the Specific Property becoming final as to the defendant when entered.

    e.  The defendant agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and to withdraw any claim that the defendant may have filed in such a proceeding.  The defendant further waives any other notice requirement that may apply to the administrative and/or civil forfeiture of the Specific Property.

    f.  The defendant understands that the forfeiture of the forfeitable property does not constitute and will not be treated as satisfaction, in whole or in part, of any fine, restitution, reimbursement of cost of imprisonment, or any other monetary penalty this Court may impose upon the defendant in addition to the forfeiture.

## IMPOSITION OF SENTENCE

16. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

18. The defendant understands that by pleading guilty he surrenders certain rights, including the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted

by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

   c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

   d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

19. The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20. If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it.

Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22. The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

23. To become effective, this Agreement must be signed by all signatories listed below.

//

//

//

//

//

//

24. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii

_____    Dated: 11/1/24
WAYNE A. MYERS
Chief, General Crimes

_____    Dated: 11/01/24
SARA D. AYABE
BARBARA EUCKER
Assistant U.S. Attorneys

_____    Dated: 10/29/2024
DEVIN VIELA
Defendant

_____    Dated: 10/29/2024
JACQUELINE ESSER
Attorney for Defendant